JOURNAL ENTRY AND OPINION
{¶ 1} On October 17, 2003, Samuel Smith filed a timely application for reopening pursuant to App.R. 26(B). Thereafter, on January 14, 2004, Smith filed a supplemental pleading to his application pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in Statev. Smith (Jul. 24, 2003), Cuyahoga App. No. 81539. In that opinion, we affirmed defendant's convictions for burglary and two counts of theft. For the following reasons, we decline to reopen Smith's original appeal.
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Smith sought to appeal his case to the Supreme Court of Ohio which denied his appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issues listed in the application for reopening were raised or could have been raised, res judicata now bars re-litigation of this matter. We further find that the application of res judicata would not be unjust.
 {¶ 4} Notwithstanding the above, Smith fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless.Barnes, supra.
 {¶ 5} Thus, in order for the Court to grant the application for reopening, Smith must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "In State v.Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant]bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, at 25.
 {¶ 6} To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Smith fails to establish any such deficiency.
 {¶ 7} Our substantive review of the application to reopen also fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his application to reopen, Smith argues in his first assignment of error that his conviction was on insufficient evidence to sustain a jury verdict.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. "A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 9} In this matter, Smith was convicted of one count of burglary and two counts of theft. After reviewing all the evidence in a light most favorable to the prosecution, we find that the essential elements of the crimes were proven beyond a reasonable doubt by competent, credible evidence.
 {¶ 10} In his second assignment of error, Smith argues that the trial court erred and abused its discretion to allow prejudicial joinder. A motion for severance due to prejudicial joinder must be renewed at the close of the state's case or at the conclusion of all the evidence and unless it is made at that time, it is waived. State v. Owens (1975), 51 Ohio App.2d 132,366 N.E.2d 1367; State v. Hill, Cuyahoga App. No. 80582, 2002-Ohio-4585; State v. Fortson (Aug 2, 2001), Cuyahoga App. No. 78240.
 {¶ 11} The record indicates that Smith did not renew his pretrial motion to sever the counts of the indictment. Thus, Smith waived any right to argue this issue on appeal. Therefore, we cannot find that his appellate counsel was ineffective for failing to raise this assignment of error.
 {¶ 12} In his proposed third assignment of error, Smith argues that the trial court erred by allowing the prosecution to introduce inadmissible hearsay evidence when Mrs. Grinberg testified that her husband stated that he noticed the gift certificate was missing. Smith argues that this was the only evidence that supported his conviction for theft of a gift certificate. We find this argument to be meritless. A review of the indictments shows that Smith was indicted and convicted for stealing Mrs. Grinberg's wallet and credit cards, not her gift certificate.
 {¶ 13} Accordingly, the application to reopen is denied.
James J. Sweeney and Anthony O. Calabrese, Jr., JJ., concur.