JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Darwin Hutchins ("Hutchins") appeals the trial court's imposition of consecutive sentences in connection with two cases remanded by this court. We find no merit to this appeal and affirm.
 {¶ 2} In Case No. CR-411730, Hutchins was charged with possession of cocaine, preparation of cocaine for sale, trafficking in crack cocaine in an amount less than one gram, and possession of criminal tools. The possession of criminal tools count was dismissed and a jury found him guilty of the remaining counts in February 2002.
 {¶ 3} In Case No. CR-416390, Hutchins was charged with kidnapping and rape. Following a jury trial in June 2002, he was found not guilty of either charge but guilty of sexual battery, a lesser included offense of rape.
 {¶ 4} At a joint sentencing hearing, the court imposed four years each for drug possession and preparation of drugs for sale and eleven months for drug trafficking, to run concurrently. The court sentenced Hutchins to four years in prison for the sexual battery, to run consecutively with the other sentence, for a total of eight years.
 {¶ 5} On appeal, we upheld Hutchins' convictions but vacated the sentences and remanded for a new sentencing hearing due to the trial court's failure to provide its reasoning for the imposition of consecutive sentences. See State v. Hutchins,
Cuyahoga App. Nos. 81578-81579, 2003-Ohio-1956. On remand, the trial court imposed the same sentences.
 {¶ 6} Hutchins again appeals his consecutive sentences. In his sole assignment of error, he contends that the record does not justify the imposition of consecutive sentences.
 {¶ 7} This court reviews a felony sentence de novo. R.C.2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v.Hollander (2001), 144 Ohio App.3d 565; State v. Rigo (June 21, 2001), Cuyahoga App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} In imposing consecutive sentences, the trial court made the following findings:
"First of all, the court does find that these consecutivesentences are necessary to protect the public and to punish theoffender and are not disproportionate to his conduct and to thedanger he poses in both categories.
 Number one, the harm is so great or unusual that a single termdoes not adequately reflect the seriousness of the conduct. And,two, the offender's criminal history shows that consecutive termsare needed to protect the public."
 {¶ 9} Further, the trial court provided its reasons for these findings. The trial court explained that "protection of the public includes the protection of victims." Specifically, the court noted that Hutchins knew the victim, took advantage of her condition, and as a result, the victim suffered psychological harm from the sexual battery. The court further explained that despite Hutchins' criminal history of drug and assault charges, he continued to jeopardize the safety of the residents in the Bellview area by "spreading the poison" through his ongoing drug activity. Based on these two separate cases and Hutchins' criminal history, the court found Hutchins "to be an opportunist both in the drug area and the sexual area," warranting consecutive sentences.
 {¶ 10} The trial court additionally found under the first factor that consecutive sentences were necessary to adequately punish Hutchins. Specifically, the court reiterated that because Hutchins used his relationship with the victim to facilitate the offense, consecutive sentences were appropriate. Further, the court reasoned that the victim suffered psychological harm and was an impaired individual.
 {¶ 11} The court also explained that consecutive sentences were not disproportionate to Hutchins' conduct and the danger he posed to the public because "there was a separate criminal animus" or intention in each of the cases, i.e. intention to sell drugs and intention to commit sexual battery. The court reasoned that these two separate crimes, committed approximately three months apart, supported a consecutive sentence.
 {¶ 12} Finally, the court found that Hutchins' history of criminal conduct, which included two drug-related offenses and an assault conviction, demonstrated that consecutive sentences were necessary to protect the public.
 {¶ 13} In the instant case, there is no dispute that the trial court made the necessary statutory findings before imposing consecutive sentences and that it provided reasons for such findings. See R.C. 2929.14(E)(4); 2929.19(B)(2)(c). See, also,State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165. Rather, Hutchins contends that although the trial court recited the necessary "magic words" for imposing consecutive sentences, the record does not "justify" the trial court's findings and supporting reasons.
 {¶ 14} Specifically, he argues that contrary to the trial court's finding, there is no evidence in the record that the victim suffered psychological harm or that she was "impaired" other than by her own voluntary actions. He further argues that the record does not support a finding that he is one of the "worst offenders." Finally, Hutchins claims that his relatively minor criminal record does not support a finding that consecutive sentences are necessary to protect the public.
 {¶ 15} Initially, we note that Hutchins has failed to file the trial transcripts from the underlying cases as part of the record for our review. Furthermore, he failed to object at the resentencing hearing to any of the trial court's findings, specifically its references to the victim and the psychological harm suffered. To the extent that he argues that there is no evidence in the record that the victim suffered psychological harm or that she was "impaired," we must presume regularity in the trial court's findings. See, e.g., Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197 (noting that reviewing court must presume regularity in the trial court proceedings when portions of the transcript necessary to resolve issues are not part of the record); State v. Wallace, Delaware App. No. 03-CA-A-07-043, 2004-Ohio-1694; State v. Banks (June 15, 2000), Cuyahoga App. No. 76271. See, also, App.R. 9.
 {¶ 16} However, even if the trial court's references to the victim and the psychological harm she endured were inaccurate, we do not find clear and convincing evidence that the trial court's sentence was unsupported by the record or contrary to the law. Here, the record unequivocally demonstrated that Hutchins had a criminal history of drug-related offenses, i.e., drug trafficking and attempted possession of drugs, which resulted in his serving a prison term. Additionally, he had previously served a prison term for an assault charge. This criminal history combined with the underlying cases support the trial court's finding that consecutive sentences are necessary to protect the public.
 {¶ 17} Further, it is undisputed that Hutchins had a relationship with the victim and used this relationship to facilitate the sexual battery. Based on this behavior, combined with Hutchins' ongoing drug activity in the Bellview area, the trial court concluded that Hutchins was an "opportunist" in both the "sexual area" and "drug area." Again, this behavior supports the trial court's finding that consecutive sentences are necessary to punish Hutchins and protect the public.
 {¶ 18} Finally, Hutchins was convicted of three drug offenses in one case and one count of sexual battery in the second case. These offenses did not arise from the same series of events but, rather, occurred three months apart. As a result, the trial court concluded that the separate "animus" involved in each case demonstrated that consecutive sentences were not disproportionate to the seriousness of Hutchins' conduct and the danger he posed to the public. We cannot say that clear and convincing evidence exists to prove otherwise.
 {¶ 19} Accordingly, we overrule the sole assignment of error.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
Blackmon, P.J., and Rocco, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.