JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Hicks, Cuyahoga County Court of Common Pleas Case No. CR-427689, applicant, Willie Hicks, was convicted of murder with one-year and three-year firearm specifications. This court affirmed that judgment in State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Hicks, Ohio St.3d ___, 2005-Ohio-279.
 {¶ 2} Hicks has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not: raise the strongest assignments of error; ensure that the record on appeal included a copy of the transcript of the juvenile court bindover hearing; and adequately research the law on the errors which appellate counsel did raise. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Applicant's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v.Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio and acknowledges that he raised the issue of ineffective assistance of appellate counsel before that court. As noted above, the Supreme Court denied Hicks's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 5} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Hicks has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InState v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458,we held that the two prong analysis found in Strickland v. Washington(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriatestandard to assess a defense request for reopening under App.R.26(B)(5). [Applicant] must prove that his counsel were deficient forfailing to raise the issues he now presents, as well as showing that hadhe presented those claims on appeal, there was a `reasonable probability'that he would have been successful. Thus [applicant] bears the burden ofestablishing that there was a `genuine issue' as to whether he has a`colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 6} Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 7} Hicks argues that his appellate counsel was ineffective for failing to argue that the judgment was against the manifest weight of the evidence. In State v. Kenney, Cuyahoga App. No. 80653, 2003-Ohio-1501, reopening disallowed, 2004-Ohio-972, Motion No. 349785, the applicant argued that appellate counsel's contention that the judgment was against the manifest weight of the evidence would have been stronger if the record on appeal had included the transcript of the juvenile bindover proceedings. This court observed that Kenney's argument that appellate counsel was ineffective for failing to include the transcript of the juvenile bindover hearing "may be beyond the scope of an application to reopen pursuant to App.R. 26(B)." Id. at ¶ 18. That is, by invoking material which is outside of the record, an applicant is requesting that this court exceed the scope of appellate review. Matters outside the record do not provide a basis for reopening. See, e.g. State v. McGrath
(Sept. 6, 2001), Cuyahoga App. No. 77896, reopening disallowed, 2002-Ohio-2386, Motion No. 34168, at ¶ 25.
 {¶ 8} In this case, Hicks also contends that the inclusion of the transcript of the juvenile bindover proceedings in the record would have shown inconsistencies in trial testimony. In State v. Allen (Nov. 30, 2000), Cuyahoga App. No. 76672, reopening disallowed, 2003-Ohio-24, Motion No. 368564, the applicant asserted that the judgment was against the manifest weight of the evidence, but the page limitations for an application for reopening prevented her from fully developing her argument. "Merely asserting that the judgment was against the `manifest weight' of the evidence is not sufficient to establish a genuine issue as to whether Allen was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5)." Id. at ¶ 59. Similarly, Hicks has merely asserted that his counsel was deficient and that this deficiency prejudiced Hicks by failing to assign as error that the judgment was against the manifest weight of the evidence. Hicks cannot maintain this argument based on material outside the record.
 {¶ 9} Hicks also contends that his appellate counsel was ineffective for assigning as error that: the state improperly elicited testimony that Hicks sold drugs on the night of the murder which led to Hicks's conviction; and trial counsel did not object to this testimony. On direct appeal, however, this court observed that, in this trial to the court without a jury, "[t]his testimony merely set the stage as to why all of these individuals were at that building on the night of [the victim's] murder." State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223, at ¶24. Although Hicks argues that this court's rejection of this assigned error demonstrates the ineffectiveness of appellate counsel, he has not presented any argument as to why assigning these errors constituted deficient representation or prejudiced him.
 {¶ 10} Similarly, Hicks argues that appellate counsel was ineffective for asserting that the trial court was without jurisdiction to conduct a bench trial because the jury waiver was not signed by Hicks in open court and filed with the clerk before trial began. Although Hicks correctly observes that this court had previously determined both of these issues, we cannot presume to second-guess counsel's determination to raise these assignments of error was prejudicial to Hicks.
 {¶ 11} Likewise, we cannot conclude that appellate counsel was deficient or that Hicks was prejudiced by the absence of assignments of error which Hicks now contends appellate counsel should have raised. Hicks contends that his appellate counsel was ineffective for failing to assert that double jeopardy barred the prosecution of this case. He complains that the trial court first swore in a jury then discharged the jury after Hicks signed a jury waiver. Hicks also contends that double jeopardy applies because he was "subjected to a hearing at juvenile court and then bound over to adult court." Application for Reopening, at 10.
 {¶ 12} Hicks does not, however, demonstrate anywhere in the record that the issue of double jeopardy was raised in the trial court. "Double jeopardy rights are personal rights that can be waived when the accused does not raise the issue of double jeopardy prior to a retrial. See Statev. Head (Sept. 20, 1985), Lake County App. No. 10-258, 1985 Ohio App. LEXIS 7110; State v. Riddle (Dec. 18, 2001), Mahoning App. No. 99 CA 147, 2001 Ohio App. LEXIS 5826." State v. Gaines, Cuyahoga App. No. 82301, 2003-Ohio-6855, at ¶ 47. Appellate counsel could not have maintained an assignment of error asserting that double jeopardy barred the prosecution in the court of common pleas unless the record reflected plain error. Id.
 {¶ 13} After the trial court swore in the jury, Hicks waived his right to a jury trial. On direct appeal, this court upheld the propriety of that waiver. State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223, at ¶ 33-39. Hicks does not cite any authority for the proposition that a trial to the court after the trial court has impaneled the jury and also after the defendant waived his right to a jury trial constitutes double jeopardy. Similarly, this court has held that a juvenile bindover proceeding is not adjudicatory in nature. As a consequence, being bound over to the court of common pleas and then convicted in the court of common pleas does not constitute double jeopardy. State v. Salmon (May 21, 1981), Cuyahoga App. Nos. 43328 and 43329; State v. Sims (1977),55 Ohio App.2d 285, 380 N.E.2d 1350 [8th Dist.]. See also, R.C. 2152.12
(formerly R.C. 2151.26); Juv.R. 30. We cannot, therefore, conclude that appellate counsel was deficient or that Hicks was prejudiced by the absence of an assignment of error on direct appeal challenging his conviction as being barred by the prohibition against twice holding a person in jeopardy.
 {¶ 14} Hicks also asserts that his appellate counsel should have assigned as error that Hicks did not receive a mental examination as required by Juv.R. 30(C) prior to being bound over to the court of common pleas. The state correctly refutes this contention, however. Hicks was charged with murder and was 17 at the time of the murder. Under R.C.2152.12(A)(1)(a), the juvenile court was required to bind Hicks over to the court of common pleas if there was probable cause to believe that Hicks committed the murder. See also Juv.R. 30(B). As a consequence, Hicks's appellate counsel was not deficient and Hicks was not prejudiced by the absence of an assignment of error on direct appeal asserting that he was entitled to a mental examination prior to being bound over.
 {¶ 15} As a final contention, Hicks argues that his appellate counsel should have assigned as error that trial counsel was ineffective for failing to assign as error that the state improperly failed to disclose material evidence regarding tips provided to the police suggesting other suspects. We note that, after raising this issue, Hicks states that the page limitation for applications for reopening prohibited him from demonstrating how these circumstances constitute the ineffectiveness of counsel. "Merely asserting error is not sufficient for applicant to demonstrate that both counsel's performance was deficient and that the deficient performance prejudiced him." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 9. Hicks has merely asserted error regarding the purported failure to disclose material evidence. As a consequence, he has not demonstrated that appellate counsel was deficient or that he was prejudiced.
 {¶ 16} In this application for reopening, Hicks has not presented a genuine issue whether he was deprived of effective counsel on appeal. Accordingly, the application for reopening is denied.
Patricia A. Blackmon, A.J., concurs
 Frank D. Celebrezze, JR., J., concurs