JOURNAL ENTRY AND OPINION
{¶ 1} Darnell Ford has filed a timely application for reopening pursuant to App. R. 26(B). Ford is attempting to reopen the appellate judgment that was rendered by this court in State v. Ford, Cuyahoga App. No. 84138, 2004-Ohio-5610, which affirmed his plea of guilty to the offenses of kidnapping and rape. For the following reasons, we decline to reopen Ford's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents the reopening of Ford's appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Ford did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed Ford's appeal on March 23, 2005. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. State v. Dehler, 73 Ohio St.3d 307,1995-Ohio-320, 652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247,1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} In addition, a substantive review of Ford's application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless.Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Grimm
(1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v. Campbell (1994),69 Ohio St.3d 38, 630 N.E.2d 339. Ford must also establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Ford must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996), 74 Ohio St.3d 534, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Ford must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
 {¶ 5} In support of his claim of ineffective assistance of appellate counsel, Ford argues that an assignment of error should have been raised on appeal that challenged trial counsel's failure to file a written motion for a competency hearing. The specific issue of competency, however, was raised upon appeal through the second assignment of error as originally brought in State v. Ford, supra.
At the plea hearing, before Ford entered his plea, defense counsel told the trial court that "there's a question of the defendant's mental health" because Ford and a detective involved with the case had informed her only that morning that Ford had been evaluated and received mental health treatment when he was previously in prison.
In light of this statement, Ford now contends that the trial court erred in not ordering a competency evaluation before accepting his guilty plea.
Due process principles require that a criminal defendant who is legally incompetent may not be tried. State v. Hessler, 90 Ohio St.3d 108, 124,2000-Ohio-30. R.C. 2945.37 requires a competency hearing if a request is made prior to trial.
Here, although defense counsel told the trial court there was an "issue" regarding Ford's competency, she did not file a motion prior to trial requesting a hearing nor did she orally request a hearing at any time during the plea hearing. Accordingly, Ford has waived any objection to the claimed error. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43.
Errors otherwise waived may be considered by an appellate court under the doctrine of plain error where the error affects a substantial right. See Crim.R. 52(B). Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, however, under exceptional circumstances and only to prevent a miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. We find no plain error here.
The right to a competency hearing rises to the level of a constitutional guarantee where the record contains sufficient" indicia of incompetence "to necessitate inquiry to ensure the defendant's right to a fair trial. State v. Berry (1995), 72 Ohio St.3d 354, 359. Here, beyond defense counsel's assertion that there was an "issue" regarding Ford's competency, the record contains nothing to suggest any indicia of incompetence requiring a competency hearing. The fact that Ford had previously received mental health treatment does not suggest that he was legally incompetent to stand trial. "A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." Hessler, supra, citingState v. Bock (1986), 28 Ohio St.3d 108, 100. Without any indicia of incompetency nor a request for a hearing, the trial court did not err in not ordering a competency evaluation.
 {¶ 6} Appellant's second assignment of error is overruled. State v.Ford, supra, at 6.
 {¶ 7} Since the issue of Ford's competency to stand trial has previously been addressed upon direct appeal and found to be without merit, further review is barred by the doctrine of res judicata.Strickland v. Washington, supra; State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128, Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164. It must also be noted that Ford has failed to demonstrate that additional consideration of his claim of ineffective assistance of appellate counsel would have resulted in a reversal of his plea of guilty.
 {¶ 8} Accordingly, we decline to reopen Ford's appeal and deny his application for reopening.
Celebrezze, Jr., P.J., concurs.
 Sweeney, J., concurs.