JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Prather, Cuyahoga County Court of Common Pleas Case No. CR-432345, applicant was convicted of: murder with a firearm specification; tampering with evidence and possession of criminal tools. This court affirmed that judgment in State v. Prather, Cuyahoga App. No. 83227, 2004-Ohio-2395. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Prather, 103 Ohio St.3d 1478,2004-Ohio-5405.
 {¶ 2} Prather has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that: trial counsel was ineffective; and the trial court abused its discretion in a series of evidentiary rulings. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Applicant's request for reopening is barred by res judicata.
"The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v.Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for leave to appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 5} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 6} Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 7} In his first assignment of error, Prather claims that his trial counsel was ineffective because trial counsel made an untimely motion to dismiss the indictment. That is, in order for possession of criminal tools to be treated as a felony, the defendant must have possession of the item(s) "for use in the commission of a felony." Trial counsel argued that the indictment did not specify the felony for the commission of which Prather possessed the criminal tools . Although the trial court observed that the motion — which was made orally and after the close of the evidence — was untimely, the trial court also cited several authorities which would require denying the motion to dismiss because this court has repeatedly held that it is not necessary to specify the particular felony intended to be committed. See State v. Rivers, Cuyahoga App. No. 83321, 2004-Ohio-2566, at ¶ 16. Obviously, Prather is unable to demonstrate any prejudice because he has not provided this court with any controlling authority that the motion to dismiss had merit.
 {¶ 8} Prather also complains about how and whether his trial counsel challenged some of the state's evidence. The application for reopening has not presented any authority which overcomes the strong presumption in favor of trial counsel's judgment regarding what may be sound trial strategy. See, e.g., State v. Hutchins, Cuyahoga App. Nos. 81578, 81579, 83421 and 83564, 2003-Ohio-1956 and 2004-Ohio-2403, reopening disallowed, 2005-Ohio-501, Motion Nos. 362785 and 362786, at ¶ 4.
 {¶ 9} Similarly, Prather's arguments that his trial counsel was ineffective for failing to move to sever the tampering with evidence and possession of criminal tools charges from the murder charge ignore the presumption in favor of trial counsel's judgment regarding trial strategy. Furthermore, if a motion for severance due to prejudicial joinder is not made at the appropriate time, it is waived. State v.Smith, Cuyahoga App. No. 81539, 2003-Ohio-3943, reopening disallowed, 2004-Ohio-993, Motion No. 353447, at ¶ 10. A court of appeals may take notice of plain error only to prevent a miscarriage of justice. State v.Ford, Cuyahoga App. No. 84138, 2004-Ohio-5610, reopening disallowed, 2005-Ohio-2314, Motion No. 440685, at ¶ 5. This court's extensive review of the facts of this case on direct appeal reflects that Prather's conviction is not a miscarriage of justice. Although Prather now concedes that the evidence of his having removed items from the scene is "unchallenged and unchallengeable," Application at 4, we cannot conclude that the absence of a motion to sever the other charges from the murder charge constitutes plain error. On direct appeal, this court extensively reviewed the evidence and concluded that the jury did not lose its way in finding that Prather committed this murder. Prather's first assignment of error is not, therefore, well-taken.
 {¶ 10} In his second assignment of error, Prather argues that the trial court abused its discretion with respect to certain evidentiary rulings. He contends that the trial court's admission of testimony by others that they had purchased drugs from Prather was error. He also complains that the trial court erred by instructing the jury on the elements of possession of drugs although the jury was not considering a count of possession of drugs. We note, however, that the jury was required to determine whether he possessed certain items "for use in the commission of a felony." The challenged testimony and instruction provided a basis for the jury to determine whether the state had proven all of the elements of possession of criminal tools.
 {¶ 11} Similarly, we cannot conclude that the trial court abused its discretion by excluding testimony from a witness regarding the effect of a combination of drugs on the victim's system. The trial court made a determination that there were insufficient facts on the record for the witness to express an opinion. Prather has not provided this court with any authority which would require the conclusion that the trial court's exclusion of this testimony was error. Prather's second assignment of error is not, therefore, well-taken.
 {¶ 12} By separate entry, we have denied Prather's motion for leave to supplement the application. We also observe that his proposed third assignment of error fails on the merits. Prather contends that he was denied due process because "the police failed to preserve and test evidence that was exculpatory, unique, and would have exonerated Appellant." Motion for Leave to Supplement Application, at 2. Necessarily, these matters are outside the record. "[B]y invoking material which is outside of the record, an applicant is requesting that this court exceed the scope of appellate review. Matters outside the record do not provide a basis for reopening. See, e.g. State v. McGrath
(Sept. 6, 2001), Cuyahoga App. No. 77896, reopening disallowed, 2002-Ohio-2386, Motion No. 34168, at ¶ 25." State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223, reopening disallowed, 2005-Ohio-1842, Motion No. 366790, at ¶ 7. The proposed assignment of error would not have been maintained on direct appeal. Appellate counsel was not, therefore, deficient by failing to assign this error and Prather was not prejudiced by the absence of this assignment of error.
 {¶ 13} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Rocco, J., concurs.
 Kilbane, J., concurs.