JOURNAL ENTRY AND OPINION
{¶ 1} In State v. O'Neal, Cuyahoga County Court of Common Pleas Case No. CR-436131, applicant was convicted of felonious assault, kidnapping, and gross sexual imposition. This court affirmed that judgment in Statev. O'Neal, Cuyahoga App. No. 83393, 2004-Ohio-2862. The Supreme Court of Ohio denied O'Neal's motion for delayed appeal and dismissed the appeal.State v. O'Neal, 103 Ohio St.3d 1460, 2004-Ohio-5056, 815 N.E.2d 677.
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Applicant's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204."
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164. O'Neal filed a pro se supplemental brief in his direct appeal. "[T]he record indicates that [the applicant] filed a supplemental brief in his direct appeal. Courts have consistently held that res judicata bars an application to reopen when the applicant files a pro se brief." State v. Davis-Bey, Cuyahoga App. No. 79524, 2002-Ohio-3437, reopening disallowed, 2004-Ohio-1105, Motion No. 394440, at ¶ 14 (citations deleted). We also note that O'Neal asserts in his application for reopening that trial counsel was ineffective. Yet, O'Neal assigned as error on direct appeal that trial counsel was ineffective.
 {¶ 3} O'Neal also filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for delayed appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In his reply to the brief in opposition to the application for reopening, O'Neal acknowledges that he raised the issue of the ineffectiveness of appellate counsel in his appeal to the Supreme Court of Ohio. Because we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of O'Neal's claim of ineffective assistance of appellate counsel.
 {¶ 4} The application also fails to conform to some of the formal requirements for an application for reopening. "Although the application does not exceed the ten-page limit in App.R. 26(B)(4), the entire application is single-spaced. We could, therefore, strike the application because App.R. 19(B) requires that filings be double-spaced except for quoted material." State v. Rodgers (Apr. 2, 1992), Cuyahoga App. No. 60254, reopening disallowed (Sept. 29, 1998), Motion No. 93571, at 3. Similarly, O'Neal's application does not exceed ten pages but also is not double-spaced. Most of the pages are single-spaced. Although we could strike the application, we will address the issues raised by the application despite the fact that O'Neal's presentation lacks clarity.
 {¶ 5} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that O'Neal has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 6} Many of O'Neal's arguments rely upon matters outside the record. For example, in his third assignment of error, O'Neal contends that trial counsel was ineffective because he failed to introduce mitigating evidence and instructed O'Neal not to testify. Similarly, in his fourth assignment of error, O'Neal complains that trial counsel neglected to pursue a defense and provide discovery as well as instructed O'Neal that he should not testify.
"Necessarily, these matters are outside the record. "By invoking material which is outside of the record, an applicant is requesting that this court exceed the scope of appellate review. Matters outside the record do not provide a basis for reopening. See, e.g. State v. McGrath
(Sept. 6, 2001), Cuyahoga App. No. 77896, 2001 Ohio App. LEXIS 3964, reopening disallowed, 2002 Ohio 2386, Motion No. 34168, at ¶ 25." Statev. Hicks, Cuyahoga App. No. 83981, 2004 Ohio 5223, reopening disallowed, 2005 Ohio 1842, Motion No. 366790, at ¶ 7. The proposed assignment of error would not have been maintained on direct appeal. Appellate counsel was not, therefore, deficient by failing to assign this error and [applicant] was not prejudiced by the absence of this assignment of error."
State v. Prather, Cuyahoga App. No. 83227, 2004-Ohio-2395, reopening disallowed, 2005-Ohio-2710, Motion No. 362747, at ¶ 12. Similarly, in this case, the record does not provide a factual basis for review of many of O'Neal's assertions. To the extent, therefore, that O'Neal bases his arguments on matters outside the record, his appellate counsel was not defective and O'Neal was not prejudiced by the absence of those arguments from his appeal. Specifically, we must conclude that O'Neal's third and fourth assignments of error are not well-taken.
 {¶ 7} The essence of O'Neal's first and second assignments of error is that appellate counsel failed to assign as error that trial counsel was ineffective for failing to object to testimony regarding statements made by a five-year-old child who did not testify at trial. This testimony occurred as part of a continuing description of events by the child's mother and immediately after the trial court gave a cautionary instruction regarding statements about O'Neal's conduct made by the eleven-year-old sister of the five-year-old. In response to an objection by O'Neal's trial counsel, the trial court instructed the jury that they were "not to infer anything as to the truth of the allegations contained in any of these conversations, just that the conversation occurred, it alerted this witness of a situation." Tr. at 141-142.
 {¶ 8} Although O'Neal complains that trial counsel did not object to this testimony, he has not provided this court with any controlling authority that would demonstrate that the admission of this testimony for the limited purpose stated in the trial court's instruction is error. We cannot conclude, therefore, that appellate counsel was deficient for failing to assert O'Neal's first and second proposed assignments of error on direct appeal or that O'Neal was prejudiced by their absence.
 {¶ 9} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Dyke, P.J., concurs.
Sweeney, J., concurs.