[Cite as *State v. Jenkins*, 2018-Ohio-5153.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

_____

JOURNAL ENTRY AND OPINION
**No. 105881**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TREVONTE JENKINS**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-16-610627-A
Application for Reopening
Motion No. 520971

**RELEASE DATE:** December 19, 2018

**FOR APPELLANT**

Trevonte Jenkins, pro se
Inmate No. 694869
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430-0901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Mary M. Frey
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

{¶1} Trevonte Jenkins has filed a timely application for reopening pursuant to App.R. 26(B).   Jenkins is attempting to reopen the appellate judgment, rendered in *State v. Jenkins*, 8th Dist. Cuyahoga No. 105881, 2018-Ohio-2397, that affirmed his convictions and sentence of incarceration for two counts of attempted murder in violation of R.C. 2903.02 and 2923.02, two counts of felonious assault in violation R.C. 2903.11(A)(2), two counts of discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), two counts of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A) and (B), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), and one count of domestic violence in violation

of R.C. 2919.25(A).   We decline to reopen Jenkins's original appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Jenkins is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

**{¶3}** In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

## II. Prosecutorial Misconduct

**{¶4}** Jenkins has raised four proposed assignments of error in support of his application for reopening. Having a common basis in law and fact, we shall simultaneously consider the first and third proposed assignments of error.

**{¶5}** Jenkins's first proposed assignment of error is that:

Appellate counsel failed to argue that appellant was prejudiced by the state's misconduct in vouching for the state's key witness.

**{¶6}** Jenkins's third proposed assignment of error is that:

Appellate counsel failed to argue that the prosecutor committed misconduct when the jury was misled by improper statements regarding the standard of evidence and the law.

**{¶7}** Jenkins, through his first and third proposed assignments of error, argues that appellate counsel failed to argue on appeal the issue of prosecutorial misconduct. Specifically, Jenkins argues that prosecutorial misconduct resulted from: 1) prosecutor vouching for the credibility of a state's witness during closing argument; 2) prosecutor instructing jury that a lesser standard than reasonable doubt could be employed to convict Jenkins during closing argument; and 3) prosecutor misleading the jury regarding the evidence presented at trial during closing argument.

**{¶8}** A prosecuting attorney possesses wide latitude to summarize the evidence and zealously advocate the state's position during closing argument. *State v. Richey*, 64 Ohio St.3d 353, 362, 595 N.E.2d 915 (1992). The individual specific remarks by a prosecutor, made during closing argument, cannot be judged in isolation, but must be examined in light of the tenor and context of the entire closing argument. *State v. Slagle*, 65 Ohio St.3d 597, 607, 605 N.E.2d 916 (1992). Improper remarks made by a prosecuting attorney during closing argument are grounds for reversal only when the remarks serve to deny the defendant a fair trial. *State v. Maurer*, 15 Ohio St.3d 239, 266, 15 Ohio B. 379, 473 N.E.2d 768 (1984).

**{¶9}** When the closing arguments made by the prosecuting attorney and defense counsel are viewed in their entirety, we find that Jenkins was not denied a fair trial: 1) both the prosecutor and defense counsel simply argued that the jury was charged with determining the credibility of each witness, and the prosecutor did not vouch for the credibility of any witness; 2) the prosecutor did not instruct the jury as to a lesser standard of proof; and 3) the prosecutor did not mislead the jury with regard to the evidence presented during the course of trial. The remarks of the prosecutor during closing argument did not deny Jenkins a fair trial. Thus, Jenkins has

failed to establish that he was prejudiced through his first and third proposed assignments of error.

### III.   Defective Arrest Warrant and Indictment

{¶10} Jenkins's second proposed assignment of error is that:

Appellant's counsel was ineffective for failing to argue ineffective assistance of trial counsel related to appellant's indictment and arrest warrant.

{¶11} Jenkins, through his second proposed assignment of error, argues that appellate counsel failed to argue on appeal the issue of ineffective assistance of trial counsel. Specifically, Jenkins argues that the warrant for his arrest and the indictment were defective.

{¶12} Probable cause to obtain and execute an arrest warrant exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that an offense was committed. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142,(1964).   Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found."   *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶13} Herein, the record demonstrates that sufficient probable cause existed for the Lakewood Police Dept. to obtain and execute an arrest warrant for Jenkins.   Lakewood Police detective McLaughlin testified that: 1) there was a shooting at a bar located in Lakewood, Ohio, tr. 903; 2) the suspect motor vehicle involved in the shooting was identified through a city of Lakewood surveillance video, tr. 903; 3) the surveillance video revealed that the suspected motor vehicle was a white Hyundai Accent, tr. 903; 4) the license plate number for the white Hyundai Accent was identified through the surveillance video, tr. 903; 5) the white Hyundai Accent was rented by Jenkins from Enterprise Rent-A-Car, tr. 903; and 6) an arrest warrant was obtained for

the arrest of Jenkins based upon the facts gathered by the Lakewood police, tr. 908. We find that there existed probable cause to issue and execute an arrest warrant for Jenkins.

{¶14} Any argument with regard to defective grand jury proceedings and an invalid indictment cannot be addressed through an App.R. 26(B) application for reopening. The record before this court does not indicate the type of testimony that was presented before the grand jury. It is well settled that matters outside the record do not provide a basis for reopening. *State v. Madrigal*, 87 Ohio St.3d 378, 721 N.E.2d 52 (2000); *State v. Hicks*, 8th Dist. Cuyahoga No. 83981, 2005-Ohio-1842. Allegations of ineffectiveness based on facts not appearing in the trial record must be reviewed through postconviction remedies and cannot be raised through an App.R. 26(B) application for reopening. *State v. Coleman*, 85 Ohio St.3d 129, 1999-Ohio-258, 707 N.E.2d 476; *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458 (Nov. 18, 1999), *reopening disallowed*, 2005-Ohio-5463. Jenkins has failed to establish that he was prejudiced through his second proposed assignment of error.

### IV. In-court identification of Jenkins

{¶15} Jenkins's fourth proposed assignment of error is that:

> Appellate counsel failed to effectively argue the issue of the impermissible first-time in-court identification of appellant.

{¶16} Jenkins, through his fourth proposed assignment of error, argues that appellate counsel failed to effectively challenge on appeal the in-court identification of Jenkins by a state's witness. In addition, Jenkins argues that appellate counsel should have challenged the failure of the trial court to provide limiting instructions to the jury with regard to in-court identification.

{¶17} The issues raised by Jenkins through his fourth proposed assignments of error have already been addressed on direct appeal. This court held that:

In his first assignment of error, Jenkins argues that the court erred when it denied his motion in limine, overruled his objection during trial, and allowed Eanes to identify Jenkins as the shooter during trial. Specifically, Jenkins argues that Eanes's in-court identification of him as the shooter was impermissibly suggestive and that Eanes's "limited ability to view the shooter," lack of attention, and description shows that his identification is unreliable.

* * *

Here, while Eanes did not identify Jenkins as the shooter before trial, the record reflects that his in-court identification was reliable. Like the witness in Nelson, Eanes testified that he was only a few feet away from the fight between Jenkins and Super. He testified that he got a good look at Jenkins on a number of different occasions that night: when Jenkins walked into Phantasy with Super; later, during the fight with Super; when Jenkins drove away after the fight in a white vehicle; and finally, when Jenkins picked up Super and drove by Phantasy and fired a gun. While Jenkins argues that the time of day made Eanes's identification of him less reliable, Eanes also testified that the area outside of Phantasy is well lit and that he would "never forget" the shooter's face. Further, as to Jenkins's argument that Eanes had a limited ability to view the shooter because of Jones's SUV parked in front of Phantasy, Eanes testified that he walked back and forth while working security that night, and right before the shooting occurred, he was standing at the rear of the SUV. Eanes testified that, as a result, he was able to see the driver of the white vehicle as well as the gun that the driver was pointing out of his window toward Phantasy. Finally, like Nelson, Eanes's testimony was under oath and subject to cross-examination.

Based on the foregoing analysis, we find that Eanes had a reliable and independent basis for identifying Jenkins as the shooter. We do not find that Eanes's in-court identification denied Jenkins his right to a fair trial or that the trial court abused its discretion in admitting that evidence. Accordingly, we overrule Jenkins's first assignment of error.

In his second assignment of error, Jenkins argues that the trial court abused its discretion when it denied his request for the eyewitness identification instruction set forth in *Telfaire*, 469 F.2d 552 (D.C.Cir.1972).

* * *

As a result, we concluded that the court's instruction "adequately informed the jury of its duty to carefully consider the credibility of and surrounding circumstances affecting the witness's identification." *Id*. at ¶ 26.
Here, the trial court denied Jenkins's request for a *Telfaire* instruction. Like the trial court in *Witherspoon*, however, the trial court in this case gave a general instruction regarding eyewitness identification, stating:

> Concerning eyewitness testimony. Some things you may consider in weighing that testimony are: The capacity of the witness, that is, the age, intelligence, defective senses, if any, and the opportunity of the witness to observe; the witness'[s] degree of attention at the time he observed the offender; the accuracy of the witness'[s] prior description or identification, if any; whether the witness had occasion to observe the defendant in the past; the interval of time between the event and the identification, and all surrounding circumstances under which the witness had identified the defendant including deficiencies, if any, in lineup, photo display, or one on one.
>
> Therefore, despite denying Jenkins's request for the *Telfaire* instruction, the court "adequately informed the jury of its duty to carefully consider opportunity of the witness to observe the defendant, the reasonableness of identification, and the credibility of the witness." *Witherspoon*, 8th Dist. Cuyahoga No. 94475, 2011-Ohio-704, at ¶ 26. Accordingly, we find that the trial court did not abuse its discretion, and we overrule Jenkins's second assignment of error.

*Jenkins, supra*, ¶ 35-45.

{¶18} The doctrine of res judicata bars Jenkins from once again raising the issues of improper in-court identification and limiting instructions to the jury with regard to in-court identification, because the issues were previously adjudicated before this court on direct appeal. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803. Jenkins has failed to establish any prejudice through his fourth proposed assignment of error.

{¶19} Accordingly, the application for reopening is denied.

_____

MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR