JOURNAL ENTRY AND OPINION
{¶ 1} On August 9, 2004, Darwin Hutchins filed an application for reopening pursuant to App. R. 26(B), attempting to reopen the appellate judgments that were rendered by this court in State v. Hutchins (Apr. 17, 2003), Cuyahoga App. Nos. 81578, 81579; and State v. Hutchins (May 13, 2004), Cuyahoga App. Nos. 83421, 83564. A review of the record indicates that this court affirmed Hutchin's convictions for possession of drugs, preparation of drugs for sale, trafficking in cocaine, and sexual battery, but remanded the cases for resentencing. In our subsequent opinion, we affirmed Hutchins' resentencing. On September 3, 2004, the State of Ohio filed a Brief in Opposition to the Application for Reopening. For the following reasons, we grant in part and deny in part Hutchins' application to reopen his appeal.
 {¶ 2} In their brief in opposition, the State argues that the application is untimely. We disagree. As stated above, this court affirmed Hutchins' convictions but remanded for resentencing. On May 13, 2004, this court's opinion affirming Hutchins' resentencing was journalized. Since Hutchins filed his application to reopen on August 9, 2004, we find his application to be timely. The State argues that this court should use the date of journalization where this court affirmed Hutchins' conviction but remanded for resentencing to determine whether the application was timely. However, according to App.R. 26(B)(1), "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence * * *" (emphasis added). Under the State's argument, Hutchins would be unable to raise ineffective assistance of appellate counsel in the appeal of his sentencing because the rules prohibit the filing of successive Murnahans.
 {¶ 3} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 4} In Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
 {¶ 5} Thus, in order for the Court to grant the application for reopening, Hutchins must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "In State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey,84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 6} To establish such claim, Hutchins must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 7} In his first proposed assignment of error, Hutchins argues that his convictions were against the manifest weight of the evidence and were not supported by legally sufficient evidence.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 8} Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 9} In contrast to a sufficiency of the evidence argument, a manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the fact-finder clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 10} Hutchins was convicted of sexual battery.[1] Pursuant to R.C. 2907.03(A)(2), "No person shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired."
 {¶ 11} The record indicates that the victim, not Hutchins' wife, engaged in sexual intercourse in Hutchins' car. The evidence further established that the victim consumed alcohol and was high after smoking "wet" that evening. Additionally, according to the officers who encountered the victim after the incident, she was substantially impaired and was incoherent. Accordingly, we find that Hutchins' conviction for sexual battery was supported by legally sufficient evidence and was not against the manifest weight.
 {¶ 12} Hutchins also claims that his convictions for possession of drugs, preparation of drugs for sale, and trafficking in cocaine were against the manifest weight of the evidence and were not supported by legally sufficient evidence. We disagree. The record indicates that Officer Hupka witnessed Hutchins sell crack cocaine. While that evidence was not found on the individual who actually bought the piece of crack, the drug was found on the person who was in close association with that purchaser immediately after the purchase. Additionally, after Hutchins was arrested, an inventory of his vehicle was conducted and more drugs were discovered. While the testimony indicated that the car was not registered to Hutchins, Officer Hupka's testimony demonstrated that during his surveillance, he saw Hutchins enter the vehicle for a period of time. Additionally, the key to the vehicle was found on Hutchins' person after the arrest. Accordingly, we find that these convictions were also supported by legally sufficient evidence and were not against the manifest weight.
 {¶ 13} In his second proposed assignment of error, Hutchins claims that his appellate counsel was ineffective for not raising his trial counsel's failure to adequately cross-examine the victim during his rape trial. However, as the Supreme Court of Ohio has previously held, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189. Furthermore, we find that Hutchins failed to demonstrate how the result of his trial would have been different.
 {¶ 14} Hutchins also claims that the trial court erred in denying his motion to suppress. However, a review of the record fails to reflect that a motion to suppress was ever filed nor a suppression hearing ever held.
 {¶ 15} Finally, Hutchins claims that counsel was ineffective for not arguing that sexual battery is not a lesser included offense of rape. Hutchins was charged with engaging in sexual conduct with Lahishia Carpenter by purposely compelling her to submit by the use of force or threat of force, a violation of R.C. 2907.02(A)(2). At trial, Hutchins' jury was instructed on the offenses of rape as well as sexual battery, a violation of R.C. 2907.03(A)(2). A review of the record further indicates that counsel did not object to the lesser included offense of sexual battery. After deliberating, the jury found Hutchins not guilty of rape, but guilty of sexual battery.
 {¶ 16} In State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Supreme Court of Ohio set forth a three-part test to determine when an offense may be a lesser included offense of another offense: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense.
 {¶ 17} The two offenses at issue in this matter are R.C. 2907.02(A)2) and R.C. 2907.03(A)(2). R.C. 2907.03(A)(2) states that no person shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired. When comparing the two offenses under the Deem test, a person may purposely compel another person by force or threat of force to submit to sexual contact without knowing that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired. Thus, R.C. 2907.03(A)(2) is not a lesser included offense of R.C. 2907.02(A)(2). State v. Wilson (April 2, 1997), Lorain App. No. 006412. Additionally, since Hutchins was not convicted of rape, but rather only sexual battery, we also find that he has established prejudice.
 {¶ 18} Accordingly, the application for reopening is granted in part and denied in part.
 {¶ 19} Attorney John Parker is appointed pursuant to App.R. 26(B)(6)(a) to represent applicant/appellant. The issue on appeal is limited to whether the trial court erred in instructing the jury on R.C.2907.03(A)(2) as a lesser included offense of R.C. 2907.02(A)(2).
 {¶ 20} The clerk of the Court of Appeals is instructed to reassemble the record in Case No. 81578 as it existed during this court's original review of the judgment entered in Case No. CR-416390. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry.
 {¶ 21} Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of Appellant's brief. Applicant's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19, as well as Loc.App.R. 16.
Celebrezze, Jr., J., concurs Cooney, J., concurs.
[1] In its brief in opposition, the State claims that Hutchins was convicted of rape, aggravated robbery, aggravated burglary and felonious assault.