JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant C.S.[1] ("defendant") appeals his adjudication as a delinquent for sexual battery entered by the Cuyahoga County Juvenile Court. For the following reasons, we vacate the decision of the trial court.
 {¶ 2} On April 21, 2004, a complaint was filed against the defendant by Detective Seitz of the Cleveland Police Department charging defendant with one count of rape in violation of R.C. 2907.02(A)(2).
 {¶ 3} On September 15, 2004, the court conducted an adjudicatory hearing. Following the hearing, the court determined that the State had not met its burden of proving rape, but had proved defendant committed the offense of sexual battery, in violation of R.C. 2907.03(A)(2). The court adjudicated defendant delinquent on this basis. Defendant was sentenced to a term of probation.
 {¶ 4} Defendant now appeals and raises two assignments of error, which we find to be moot for the reasons that follow.
 {¶ 5} This Court has recently held that sexual battery as defined by R.C. 2907.03(A)(2) is not a lesser included offense of rape as defined in R.C. 2907.02(A)(2). See State v. Hutchins, Cuyahoga App. Nos. 81578, 81579, 83421 and 83564, 2005-Ohio-501. Specifically, we held that "when comparing the two offenses under the Deem test, a person may purposely the Deem test, a person may purposely compel another person by force or threat of force to submit to sexual contact without knowing that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired." Id. Since sexual battery under R.C. 2907.03(A)(2) is not a lesser included offense of rape, the trial court erred in finding defendant guilty of sexual battery. We, therefore, vacate the judgment of conviction. The remaining assignments of error are moot.
Judgment vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., Concurs.
 Cooney, J., concurs in judgment only.
[1] The parties are referred to herein by their initials or their title in accordance with this Court's established policy.