JOURNAL ENTRY AND OPINION
{¶ 1} In this reopened appeal, defendant, Darwin Hutchins, appeals his conviction by a jury for sexual battery.[1] See, State v. Hutchins,
Cuyahoga App. Nos. 81578, 81579, 83421 and 83564, 2005-Ohio-501
("Hutchins III"), application for reopening granted in part and denied in part.
 {¶ 2} This appeal is a consolidation of two different Cuyahoga County Common Pleas criminal cases, Case No. CR-416390 and Case No. CR-411730. In Case No. CR-416390, defendant was convicted of sexual battery. Defendant was convicted of possession of drugs, preparation of drugs for sale, and trafficking in cocaine in Case No. CR-411730. During sentencing, defendant received a four-year term of incarceration on the sexual battery conviction which was run consecutive to a four-year prison term on his drug convictions.[2]
 {¶ 3} On direct appeal, the two cases remained consolidated and were assigned appellate court Case Nos. 81578 and 81579, respectively. See,State v. Hutchins, Cuyahoga App. Nos. 81578 81579, 2003-Ohio-1956, ("Hutchins I"). In Hutchins I, this court affirmed defendant's convictions but remanded the case for resentencing. Following that resentencing, defendant again appealed to this court in State v.Hutchins, Cuyahoga App. Nos. 83421 83564, 2004-Ohio-2403 ("HutchinsII"), which affirmed his sentence.
 {¶ 4} In the instant appeal, defendant argues that he received ineffective assistance of appellate counsel in Hutchins I. According to defendant, his appellate counsel should have raised the question of whether the jury received an erroneous instruction on sexual battery. We agree.
 {¶ 5} When defendant was first indicted in Case No. CR-416390, he was charged with kidnapping and rape. The rape charge alleged that defendant had engaged in sexual conduct with the victim on November 2, 2001 by purposely compelling her to submit by the use of force or threat of force, a violation of R.C. 2907.02(A)(2).[3] Defendant was not indicted for the separate offense of sexual battery pursuant to R.C. 2907.03(A)(2).[4]
 {¶ 6} The trial court record established that the victim and defendant had been acquaintances since 1998. According to the victim, she had consensual sex with him in 1998 but not after that time. When asked what occurred on the night of November 2, 2001, she admitted that she had been drinking at a local bar and was intoxicated.
 {¶ 7} The victim explained that after leaving the bar she and a friend smoked "PCP" and that she was high in addition to being intoxicated. She encountered defendant, who offered to give her a ride to her father's house. Instead of taking her to her father's, however, she claims that defendant forcibly raped her. According to the victim, defendant held her arms down while she struggled to get free. There is no evidence, however, that she suffered bruising or any other injuries indicative of the struggle she described.
 {¶ 8} Officer Reginald Smith testified that he and his partner were in a police cruiser about 4:00 a.m. on the morning of November 3, 2001, when he saw the victim run out of a red vehicle and wave them down. When he spoke to the woman, Officer Smith said she appeared to be high and very confused. She never told him that she had been raped. Forensic test results confirmed the presence of semen after a rape kit was performed on her. That semen was consistent with defendant's DNA. At all times relevant hereto, the defense argued that the woman had consented to having sex with defendant on November 2, 2001.
 {¶ 9} At the close of evidence, the trial court instructed the jury on the elements of kidnapping and rape as charged in the indictment. The state also requested an instruction on the offense of sexual battery, which it claimed was a lesser included offense of rape. Without objection from defendant, the court included the instruction on sexual battery.
 {¶ 10} The jury acquitted defendant of the kidnapping and rape charges but found him guilty of sexual battery. Thereafter, when this court partially granted defendant's application to reopen his appeal in HutchinsIII, we concluded that sexual battery is not a lesser included offense of rape. We now turn to defendant's sole assignment of error:
APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE WHEN HE FAILED TO RAISE THE ISSUE OF WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY INSTRUCTING THE JURY ON THE OFFENSE OF SEXUAL BATTERY.
 {¶ 11} Defendant argues that since sexual battery is not a lesser included offense of rape, his appellate counsel in Hutchins I was ineffective because he never argued that the trial court erred when it instructed the jury that sexual battery was a lesser included offense of rape.
 {¶ 12} "On a criminal appeal as of right, [a defendant] is entitled to effective assistance of appellate counsel, who must exercise reasonable professional judgment in presenting the appeal." State v. Watson (1991),61 Ohio St.3d 1, 572 N.E.2d 97; Evitts v. Lucey (1985), 469 U.S. 387,83 L.Ed.2d 821, 105 S.Ct. 830. In determining whether a defendant has received the effective assistance of appellate counsel, the same standards set forth in Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052, for determining a claim of ineffectiveness of trial counsel apply. Watson, supra, at 16.
 {¶ 13} The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, at 686.
 {¶ 14} Following Strickland, the Ohio Supreme Court crafted a similar test for determining claims for ineffective assistance of counsel:
2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (Citations omitted.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus. Ultimately, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, supra, at 694 and 695.
 {¶ 15} In the instant appeal, because defendant did not object to the instruction on sexual battery in the trial court, he has waived all but plain error. State v. Barnes, 94 Ohio St.3d 21, 2002-Ohio-68,759 N.E.2d 1240. In Barnes, the Ohio Supreme Court defined "plain error" as follows:
Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. State v. Hill (2001), 92 Ohio St.3d 191, 200,749 N.E.2d 274, 283 (observing that the "first condition to be met in noticing plain error is that there must be error"), citing United Statesv. Olano (1993), 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508,518 (interpreting Crim.R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. State v. Sanders (2001), 92 Ohio St.3d 245, 257,750 N.E.2d 90, 111, citing State v. Keith (1997), 79 Ohio St.3d 514, 518,684 N.E.2d 47, 54; see, also, Olano, 507 U.S. at 734, 113 S.Ct. at 1777,123 L.Ed.2d at 519 (a plain error under Fed.R.Crim.P. 52[b] is "`clear' or, equivalently, `obvious'" under current law). Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.
Id., at ¶ 27.
 {¶ 16} Following Strickland, we must now determine whether defendant's appellate counsel in Hutchins I was ineffective for failing to argue that the trial court's sexual battery instruction was error.
 {¶ 17} "A person cannot be convicted of a crime which is not charged in an indictment unless that crime is a lesser included offense to the crime charged in the indictment." State v. Hreno (1954), 162 Ohio St. 193,196-197. In the case at bar, there were only two crimes charged in defendant's indictment, rape and kidnapping. Defendant was never indicted for committing the offense of sexual battery. Moreover, sexual battery is not a lesser included offense of rape.
In Hutchins III, this court stated:
The two offenses at issue in this matter are R.C. 2907.02(A)(2) and R.C. 2907.03(A)(2). R.C. 2907.03(A)(2) states that no person shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired. When comparing the two offenses under the Deem test, a person may purposely compel another person by force or threat of force to submit to sexual contact without knowing that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired. Thus, R.C. 2907.03(A)(2) is not a lesser included offense of R.C.2907.02(A)(2). State v. Wilson (April 2, 1997), Lorain App. No. 96CA006412, 1997 Ohio App. LEXIS 1274. Additionally, since Hutchins was not convicted of rape, but rather only sexual battery, we also find that he has established prejudice.
Accordingly, the jury should not have been given an instruction on sexual battery.
 {¶ 18} Because the instruction was given in error, defendant's counsel on appeal should have brought that error to this court's attention inHutchins I. From the record before this court, there exists a reasonable probability that, were it not for appellate counsel's error, the result inHutchins I would have been different.
 {¶ 19} We further conclude that the first and second elements ofBarnes have also been met because the sexual battery instruction was a legal error and an "obvious" defect in the trial proceedings.
 {¶ 20} The third element of Barnes is also met because the erroneous instruction affected the outcome of defendant's trial. Without the sexual battery instruction, defendant was acquitted of all charges included in his indictment. Accordingly, the trial court committed plain error by instructing the jury on the offense of sexual battery. Defendant's sole assignment of error is therefore sustained.
 {¶ 21} Further, according to the principles and purposes of the double jeopardy clauses set forth in the Fifth Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, we vacate the conviction and sentence for sexual battery.[5]
Judgment accordingly.
This cause is vacated.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Cooney, J., concur.
[1] When this court partially granted defendant's application for reopening, only defendant's argument concerning his sexual battery conviction proved meritorious. Accordingly, we do not address his other convictions in Case No. CR-411730.
[2] Defendant received four years on each of the drug convictions. Each of those four-year terms were run concurrent to one another.
[3] 2907.02. Rape
* * *
(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
[4] 2907.03. Sexual battery
(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
(2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.
[5] The conclusions of this court do not affect defendant's drug convictions and related sentences which remain intact and in effect.