[Cite as *State v. Parker*, 2022-Ohio-377.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                   No. 110563

    v.                           :

ALTON PARKER,                            :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629839-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Spencer Cahoon, Assistant State Public Defender, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Alton Parker ("Parker") appeals from his judgment of conviction, which was rendered after a trial by jury. In the sole assignment of error, Parker's counsel contends that the trial court abused its

discretion when it denied his request for a lesser-included offense jury instruction relative to one count alleging crimes against one of his alleged victims, M.H.[1]  After review of the law and facts as set forth below, we affirm.

## Procedural History

{¶ 2} In June 2018, a Cuyahoga County Grand Jury charged Parker in a 15-count indictment related to alleged sexual assaults of five women; one of the victims was M.H.  Relative to M.H., Counts 8 and 9 charged Parker with forcible rape, both with a sexually violent predator specification; and Count 10 charged Parker with kidnapping with a sexual motivation specification and a sexually violent predator specification.

{¶ 3} The case proceeded to a jury trial in April 2021.  For its case relative to M.H., the state presented M.H., a forensic scientist, a SANE[2] nurse, and the investigating officer.  Parker testified on his own behalf.

{¶ 4} At the close of evidence, Parker's counsel requested that the jury be given a lesser-included offense instruction relative to the rape counts regarding M.H.  Specifically, Parker requested an instruction of sexual battery under R.C. 2907.03(A)(1) and (2).  The state objected to this proposed instruction.  The trial court denied Parker's request.

---

[1] The victim's identity is withheld herein for privacy reasons pursuant to this court's policy.

[2] SANE is an acronym for sexual assault nurse examiner.

**{¶ 5}** After deliberating, the jury found Parker guilty of rape under Count 8 of the indictment and of kidnapping with the sexual motivation specification under Count 10 of the indictment. The jury found Parker not guilty of the sexually violent predator specification attendant to Count 8, not guilty of rape and the attendant specification under Count 9, and not guilty of the sexually violent predator specification attendant to Count 10. The trial court sentenced Parker to a total 33-year prison term for all his convictions, which included an 11-year term for the rape and kidnapping convictions relative to M.H. The trial court also found Parker to be a Tier III sex offender.

**Factual History**

**{¶ 6}** M.H. testified that in April 2015, she was raped by an unknown assailant behind the Tower City Center in Cleveland, Ohio. She testified that on the evening in question, she arrived at the Tower City Center via rapid transit after her shift at work. It was just after 8:00 p.m. She was outside behind the building waiting for her bus when she was grabbed from behind by an assailant who covered her eyes. The assailant pulled her to an area where there was a dumpster and raped her. The assailant told M.H. that he would kill her if she told anyone. The assailant fled the scene as a bus was approaching. According to M.H., she smokes one "joint" a day, and on that day, she did smoke a joint before beginning her 3:30 p.m. shift.

**{¶ 7}** M.H. went to a police station immediately after the assault. She was then transported by ambulance to a hospital where a standard rape kit was

administered by a SANE nurse. The results of the rape kit revealed the presence of Parker's DNA. Parker was thereafter apprehended by law enforcement.

{¶ 8} Parker took the witness stand in his own defense and testified that he saw M.H. waiting to catch a bus and they introduced themselves. He described her as being "high," "drunk," as was he, and the two of them went to a nearby bar where he "sat her down and bought some drinks and everything." They walked together after leaving the bar, and Parker described the ensuing events as follows: "[s]he was drunk. She is grabbing on me and trying to, like, kiss on me and all that[,] * * * which I didn't stop her. * * * So we end up having sex by this elevator. It wasn't a garbage dumpster or nothing like that." According to Parker, M.H. "needed some money."

{¶ 9} In regard to Parker's request for a lesser-included instruction as it related to M.H., the trial court stated the following:

> There wasn't any testimony there was knowing coercion. [Parker] testified, I believe, that he paid her for sex. She testified that she was jumped from behind by one male * * * and that she never saw the person. So * * * to give the jury the option of finding the Defendant knowingly coerced someone or the Defendant knew the other person's ability — the nature or control over their own contact was substantially impaired does not fit. There was no evidence that she was drunk or high at that time.

{¶ 10} Parker presents a sole assignment of error for our review: "The trial court erred when it refused to provide a lesser included jury instruction supported by evidence on sexual battery relating to M.H."

**Law and Analysis**

{¶ 11} A trial court has discretion in determining whether the record contains sufficient evidentiary support to warrant a jury instruction on a lesser-included offense; this court will not reverse that determination absent a demonstration of an abuse of discretion. *State v. Henderson*, 8th Dist. Cuyahoga No. 89377, 2008-Ohio-1631, ¶ 10, citing *State v. Wright*, 4th Dist. Scioto No. 01 CA2781, 2002-Ohio-1462. An abuse of discretion occurs when "a court exercise[es] it judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 35.

{¶ 12} The Ohio Supreme Court has stated the following regarding when a lesser-included instruction is warranted:

> The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13. The first tier, also called the "statutory-elements step," is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense. *State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). The second tier looks to the evidence in a particular case and determines whether "'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'" *Evans* at ¶ 13, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, at ¶ 11. Only in the second tier of the analysis do the facts of a particular case become relevant.

*State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6.

{¶ 13} An instruction on a lesser-included offense must be given "'only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.'" *State v. Johnson*,

112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 269, quoting *State v. Thomas*, 40 Ohio St.3d 213, 216, 533 N.E.2d 286 (1988).

{¶ 14} R.C. 2907.02(A)(2), governing forcible rape, provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 15} R.C. 2907.03(A)(1) and (A)(2) governing sexual battery provide as follows:

> (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
>
> (1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.
>
> (2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.

{¶ 16} This court has held that sexual battery under R.C. 2907.03(A)(2) is not a lesser-included offense of rape under R.C. 2907.02(A)(2). *State v. Ndoji*, 8th Dist. Cuyahoga No. 90181, 2008-Ohio-3551, ¶ 11; *State v. Hutchins*, 8th Dist. Cuyahoga Nos. 81578, 81579, 83421 and 83564, 2005-Ohio-501, ¶ 17; *In re C.S.*, 8th Dist. Cuyahoga No. 85561, 2005-Ohio-2632, ¶ 5. This court reasoned that a person may purposely compel another person by force or threat of force to submit to sexual contact without knowing that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired. *Hutchins* at *id.*; *In re C.S.* at *id.* Thus, to the extent that the trial court denied Parker's request for a jury

instruction on sexual battery under R.C. 2907.03(A)(2), there was no abuse of discretion.

{¶ 17} In regard to sexual battery by coercion under R.C. 2907.03(A)(1), the Ohio Supreme Court has held that it is a lesser-included offense of forcible rape. *Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 268; *State v. Wilkins*, 64 Ohio St.2d 382, 385-386, 415 N.E.2d 303 (1980).

{¶ 18} There are two significant differences between the elements of rape under R.C. 2907.02(A)(2) and of sexual battery under R.C. 2907.03(A)(1). First, the offenses require different mens rea. Rape must be done purposely while sexual battery may be done knowingly.

{¶ 19} R.C. 2901.22(A) provides that "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature."

{¶ 20} R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." It further provides that

> [a] person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

*Id.*

{¶ 21} The second material difference is that rape requires force while sexual battery only requires coercion. "Coercion for purposes of sexual battery is broader than the force required to prove rape and necessarily includes all uses of force. Force is not required to prove coercion." *Wilkins* at 386. "Thus, the failure to instruct on the offense of sexual battery constitutes error only if the jury could reasonably have found that [the defendant] compelled [the victim] to submit by coercion, but not by force or the threat of force." *Johnson* at *id.*

{¶ 22} In *Wilkins*, the Supreme Court of Ohio noted that "[t]wo completely divergent stories were presented to the jury herein. In defendant's version coercion was not involved. In the prosecution's version force was clearly involved." *Id.* Because "[n]o evidence was presented which would allow the jury to find that coercion other than force was used," it concluded that the court did not have to give an instruction on sexual battery. *Id.*

{¶ 23} In the case sub judice, two separate and distinct scenarios were presented to the jury — the state's version involving force and Parker's version claiming no coercion. Analyzing this assignment of error under the analysis and authority of *Wilkins*, the facts presented did not support an instruction on the lesser-included offense of sexual battery by coercion.

{¶ 24} A similar conclusion was reached by the Second Appellate District in *State v. Cooper*, 2d Dist. Montgomery No. 23143, 2010-Ohio-5517. In *Cooper*, the victim testified at a jury trial that the defendant dragged her into an alley, forced her

to perform sexual acts and then raped her. The defendant testified that he had intercourse with the victim, but contended that it was consensual. The defendant did not request an instruction on the lesser-included offense of sexual battery and contended on appeal that it was plain error for the trial court to have not given such an instruction.

{¶ 25} The Second District Court of Appeals found that since the defendant claimed that the victim consented to the sexual conduct, no instruction on the lesser-included offense of sexual battery was warranted. That court reasoned that the defendant's "defense was that [the victim] consented to perform oral sex. Had the jury believed this testimony, his defense to the charge of rape was complete." *Id.* at ¶ 16. "'[T]he jury could not have found that defendant acted knowingly but not purposely; it had to choose between a complete defense, and therefore acquittal, or the commission of the crime of rape.'" *Id.*, quoting *Wilkins*, 64 Ohio St.2d at 389, 415 N.E.2d 303; *see also State v. Keenan*, 81 Ohio St.3d 133, 139, 689 N.E.2d 929 (1998) ("Where a defendant presents a complete defense to the substantive elements of the crime, * * * an instruction on a lesser included offense is improper.").

{¶ 26} Herein, Parker's counsel set forth, and Parker testified to, a complete defense to the rape charge, i.e., that M.H. consented to his actions. That being the case, an instruction on the lesser-included offense of sexual battery was not warranted.

{¶ 27} In view of the above, we find the trial court did not abuse its discretion in denying Parker's counsel's request for a jury instruction on the lesser-included

offense of sexual battery as it related to M.H.  The sole assignment of error is therefore overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR